PER CURIAM.
This cause is before us on petition- for writ of habeas corpus seeking release of petitioner who is presently serving a fifteen-year sentence for manslaughter imposed April 5, 1967, in the Criminal Court of Record, Duval County.
Petitioner alleges that at the time of trial he was an unmarried minor; that neither of his parents were notified of the charge against him and did not attend his trial. No appeal was taken from the conviction.
On the basis of the foregoing allegation we issued the writ. Respondent has filed a Return and Supplemental Return. Respondent does not deny that petitioner’s rights as a minor under F.S. § 932.38, F.S.A. may have been violated, but points out that this issue has not been raised on Motion to Vacate pursuant to Rule 1.850, 33 F.S.A. Petitioner filed a Motion" to Vacate on October 5, 1967, on other grounds. That motion was denied January 12, 1968, after evidentiary hearing. On appeal, the District Court affirmed.[1]
*411 The record before us establishes that the alleged violation of F.S. § 932.38, F.S.A., requiring notice to the parents or guardian of an unmarried minor charged with an offense, has not been considered on Motion to Vacate. The issue is properly cognizable under Rule 1.850.
Accordingly, the writ of habeas corpus is discharged without prejudice to petitioner’s right to proceed under Rule 1.850, Rules of Criminal Procedure.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW, CARLTON and BOYD, JJ., concur.

. Stewart v. State, 215 So.2d 898 (Fla.App.1st 1968).